**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN**

JAMES KOST and
MOLLY KANDLE-KOST,
    Plaintiffs,

v.

HON. SUZANNE HOSETH KREEGER,
in her official capacity,
    Defendant
_____/

Case No.: 19-cv-1006
Honorable _____

**COMPLAINT**

OUTSIDE LEGAL COUNSEL PLC
PHILIP L. ELLISON (P74117)
Attorney for Plaintiffs
PO Box 107
Hemlock, MI 48626
(989) 642-0055
(888) 398-7003 - fax
pellison@olcplc.com
_____

**COMPLAINT**

NOW COMES Plaintiffs JAMES KOST and MOLLY KANDLE-KOST, by and through counsel, and complains as follows:

**INTRODUCTION**

1. This is substantially a Fifth Amendment takings case asserting a relatively new legal theory—a judicial taking—together with a due process claim.

2. Plaintiffs JAMES KOST and MOLLY KANDLE-KOST assert the decision of Defendant SUZANNE HOSETH KREEGER[1] took their property without a public purpose and/or without just compensation in violation of the Takings Clause of the Fifth Amendment, as applied against the States through the Fourteenth Amendment.

3. The US Supreme Court plurality in *Stop the Beach Renourishment* explained that the Supreme Court's "precedents provide no support for the proposition that takings effected by the judicial branch are entitled to special treatment, and in fact

---

[1] All references to Defendant SUZANNE HOSETH KREEGER are solely made against the party in her official capacity.

suggest the contrary" and "would be absurd to allow a State to do by judicial decree what the Takings Clause forbids it to do by legislative fiat."

4.      This case seeks to challenge a state judicial decision regarding Weberta Lane when Defendant SUZANNE HOSETH KREEGER "declare[d] that what was once an established right of private property no longer exists" and "has taken that property, no less than if the State had physically appropriated it or destroyed its value by regulation."

## PARTIES

5.      Plaintiffs JAMES KOST and MOLLY KANDLE-KOST are the owners of certain property within the plat known as the "Electric Park Amusement Company" in Ionia County, Michigan.

6.      Defendant SUZANNE HOSETH KREEGER is a duly serving circuit court judge of the 8th Circuit Court sitting in the County of Ionia; she is *solely* sued in her *official* capacity and is sued as an *Ex Parte Young* style case.[2]

## JURISDICTION

7.      This Court has jurisdiction pursuant to 28 U.S.C. § 1331, which authorizes federal courts to decide cases concerning federal questions; 28 U.S.C. § 1343, which authorizes federal courts to hear civil rights cases; 28 U.S.C. § 2201, which authorizes declaratory judgments via the Declaratory Judgment Act.

8.      Venue is proper in this Court as Defendant SUZANNE HOSETH KREEGER conducts her business in the Western District of Michigan.

## GENERAL ALLEGATIONS

9.      Plaintiffs JAMES KOST and MOLLY KANDLE-KOST and their neighbor, Renee LaFave, had a dispute over a piece of real preoprty.

10.     Non-party Renee LaFave and various other non-parties commenced a state court legal action in 2010 to vacate portions of the recorded plat of Electric Park Amusement Company, located in Lyons Township, Ionia County, including a roadway known as Weberta Drive.

11.     The state court legal action was assigned to Defendant SUZANNE HOSETH KREEGER as a state court jurist.

12.     After dispensing with various claims, cross-claims, and counterclaims, the only issue that remained was a contention involving a private easement belonging to Plaintiffs JAMES KOST and MOLLY KANDLE-KOST on and across Weberta Drive.

---

[2] Plaintiffs would sue the State of Michigan or the 8th Circuit Court directly but each would likely claim Eleventh Amendment immunity.

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

13. The state trial court, presided over by Defendant SUZANNE HOSETH KREEGER, held a bench trial on the remaining dispute on October 10, 2012.

14. Non-party Renee LaFave (and with the support of her fellow co-plaintiffs in the state court legal action) sought to vacate a portion of Weberta Drive because she needed four contiguous lots north of Weberta Drive in order to build a new home.

15. Non-party Renee LaFave's basis for her needing the extinguishment of the Kosts' private easement on Weberta was to have a new home that her and her guests could comfortably be in given that her then-current home is uncomfortable and lack the necessary minimum lot sizes to rebuild.

16. Plaintiffs JAMES KOST and MOLLY KANDLE-KOST have continuously objected to any vacation of their private rights to the disputed portion of Weberta Drive and asserted that they did not want to give up their existing private property right—a private ingress and egress easement in their favor—upon Weberta Drive.

17. In legal terms, Plaintiffs JAMES KOST and MOLLY KANDLE-KOST sought confirmation and protection of their 'already existing' private easement along that portion of Weberta Drive sought to be vacated by non-party Renee LaFave (and with the support of her fellow co-plaintiffs in the state court legal action).

18. Instead, Defendant SUZANNE HOSETH KREEGER found extinguishment of the private easement on Weberta Drive was warranted because Plaintiffs JAMES KOST and MOLLY KANDLE-KOST were "culpable for not conducting themselves in a neighborly manner."

19. In other words, Defendant SUZANNE HOSETH KREEGER extinguished existing property rights Plaintiffs JAMES KOST and MOLLY KANDLE-KOST because they were 'unfit as neighbors' to possess, enjoy, and retain such rights.

20. Plaintiffs JAMES KOST and MOLLY KANDLE-KOST appealed to the Michigan Court of Appeals.

21. As part of that appeal, Defendant SUZANNE HOSETH KREEGER entered a consent order staying the effect of her judgment requiring the vacation of Weberta Drive and awarding the respective portions to Non-party Renee LaFave and Plaintiffs JAMES KOST and MOLLY KANDLE-KOST.

22. At the Michigan Court of Appeals, Plaintiffs JAMES KOST and MOLLY KANDLE-KOST re-asserted that they *already held* a private easement on Weberta Drive—separate from the public's rights—under the "third right" from the Michigan Supreme Court's case known as *2000 Baum Family Trust*.

23. In an unpublished decision, the Michigan Court of Appeals held that a private "easement" exists in favor of Plaintiffs JAMES KOST and MOLLY KANDLE-KOST which is "private and independent of whatever rights the public may or may not have to Weberta Drive.

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

24. However, in a 2-1 decision, the Michigan Court of Appeals held, sua sponte, that Plaintiffs JAMES KOST and MOLLY KANDLE-KOST had abandoned their private easement and affirmed the trial court's outcome on that unraised grounds.

25. The decision of the Michigan Court of Appeals was contrary to long-standing and well-established property rights and the law of abandonment existing in Michigan

26. Plaintiffs JAMES KOST and MOLLY KANDLE-KOST appealed to the Michigan Supreme Court who vacated that part of the Michigan Court of Appeals opinion applying the law of abandonment to the facts of that case.

27. The Michigan Supreme Court remanded the state court legal action to Defendant SUZANNE HOSETH KREEGER for findings on the nature of any property right retained by Plaintiffs JAMES KOST and MOLLY KANDLE-KOST in Weberta Drive. Once Defendant SUZANNE HOSETH KREEGER had determined the nature of that right, it should determine whether an abandonment analysis is applicable and, if it is applicable, make any necessary findings regarding whether Plaintiffs JAMES KOST and MOLLY KANDLE-KOST intended to abandon their property rights in Weberta Drive citing *Dep't of Natural Resources v Carmody-Lahti Real Estate, Inc*, 472 Mich 359, 385 (2005).

28. Under well-established Michigan law, property abandonment can only occur when *both* an intent to relinquish the property and external acts putting that intention into effect is shown. *Dep't of Natural Resources v Carmody-Lahti Real Estate, Inc*, 472 Mich 359, 385 (2005).

29. Nonuse, by itself, is insufficient to show abandonment. Rather, nonuse must be accompanied by some act showing a clear intent to abandon. *Dep't of Natural Resources v Carmody-Lahti Real Estate, Inc*, 472 Mich 359, 385 (2005).

30. On remand, Defendant SUZANNE HOSETH KREEGER failed to full obey the directions of the Michigan Supreme Court and the well-established law on abandonment confirmed by *Dep't of Natural Resources v Carmody-Lahti Real Estate, Inc*, 472 Mich 359, 385 (2005).

31. Unlike the first time, Defendant SUZANNE HOSETH KREEGER expressly held that Plaintiffs JAMES KOST and MOLLY KANDLE-KOST "retain, as owners of a lot, the right to ingress and to egress to and from the street even though Weberta Drive has been vacated in regards to the public interest."

32. However, Defendant SUZANNE HOSETH KREEGER reaffirmed her prior ruling of seizing Plaintiffs JAMES KOST and MOLLY KANDLE-KOST's private easement.

33. Defendant SUZANNE HOSETH KREEGER held that the "conduct of the Kosts preventing others from accessing Weberta to the lake constitutes affirmative action

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

on their part that they wished to preclude[3], and essentially abandon, the use of Weberta Drive."

34. This decision of the trial court is contrary to controlling law. *City of Lansing v. Edward Rose Realty, Inc.*, 442 Mich. 626, 642 fn.27; 502 N.W.2d 638 (1993)(a component of a private owner's property rights is the right to exclude others); *Loretto v. Teleprompter Manhattan CATV Corp.*, 458 U.S. 419, 435 (1982)("the power to exclude has traditionally been considered one of the most treasured strands in an owner's bundle of property rights").

35. Plaintiffs JAMES KOST and MOLLY KANDLE-KOST again appealed to the Michigan Court of Appeals.

36. For the second time at the Michigan Court of Appeals, the panel affirmed and held that Defendant SUZANNE HOSETH KREEGER had not committed error in ruling that Plaintiffs JAMES KOST and MOLLY KANDLE-KOST had abandoned their private easement interest in Weberta Drive.

37. The Michigan Court of Appeals panel did, this time, agree with Defendant SUZANNE HOSETH KREEGER's revised conclusion that Plaintiffs JAMES KOST and MOLLY KANDLE-KOST, as owners of lots adjacent to the vacated Weberta drive, retained the right of ingress and egress through Weberta drive even though Weberta Drive has been vacated and the public no longer has a property interest in Weberta Drive, but concluded that their private easement was abandoned by "lengthy nonuse."

38. Such is contrary to *Dep't of Natural Resources v Carmody-Lahti Real Estate, Inc*, 472 Mich 359, 385 (2005).

39. Plaintiffs JAMES KOST and MOLLY KANDLE-KOST appealed to the Michigan Supreme Court who refused to grant leave or take other action on the case.

40. Upon the ruling of the Michigan Supreme Court, the prior entered stay dissolved and Defendant SUZANNE HOSETH KREEGER, by a judicial decision, seized Plaintiffs JAMES KOST and MOLLY KANDLE-KOST's private easement, extinguished it, and gave those remaining property rights to nonpary Renee LaFave.

41. Pursuant to *Stop the Beach Renourishment, when a court* declares that what was once an established right of private property no longer exists, it has taken that property, no less than if the State had physically appropriated it or destroyed its value by regulation.

42. Plaintiffs JAMES KOST and MOLLY KANDLE-KOST had a recognized valid private easement on Weberta Drive and was rendered non-existent by Defendant SUZANNE HOSETH KREEGER.

---

[3] The right of preclude or exclude is directly consist with a person's use and enjoyment of their property rights. *Vanderlip v. City of Grand Rapids*, 73 Mich. 522, 533; 41 N.W. 677 (1889).

43. Defendant SUZANNE HOSETH KREEGER contravened the established property rights of Plaintiffs JAMES KOST and MOLLY KANDLE-KOST.

## COUNT I
## TAKINGS – LACK OF PUBLIC USE
## FIFTH/FOURTEENTH AMENDMENT // 42 U.S.C. §§ 1983, 1988

44. The prior allegations are pled word for word herein.

45. This claim is being made against Defendant SUZANNE HOSETH KREEGER pursuant to 42 USC § 1983.

46. Under *Stop the Beach Renorishment v. Fla. Dep't. of Env. Prot.,* 560 U.S. 702 (2010), the Takings Clause within the Fifth Amendment to the United States Constitution bars *the State* from taking private property for public use without paying for it, no matter which branch is the instrument of the taking.

47. Defendant SUZANNE HOSETH KREEGER is a state judicial officer.

48. If a court declares that what was once an established right of private property no longer exists, it has taken that property, no less than if the State had physically appropriated it or destroyed its value by regulation.

49. Plaintiffs JAMES KOST and MOLLY KANDLE-KOST had a private easement—a property right—upon Weberta Drive.

50. Defendant SUZANNE HOSETH KREEGER has taken property rights of Plaintiffs JAMES KOST and MOLLY KANDLE-KOST in the form of private easement consisting of the right of ingress and egress through Weberta drive even though Weberta Drive has been vacated and the public no longer has a property interest in Weberta Drive.

51. By the action of Defendant SUZANNE HOSETH KREEGER as part of the judiciary, a Michigan court took by declaration the property rights from Plaintiffs JAMES KOST and MOLLY KANDLE-KOST by declaring that what was once an established right of private property—a private easement that cannot be abandoned accept in certain limited circumstances—as longer existing.

52. Defendant SUZANNE HOSETH KREEGER further extinguished the property rights of Plaintiffs JAMES KOST and MOLLY KANDLE-KOST for the benefit another private party (i.e. Renee LaFave), rather than the public, also contrary to the Fifth Amendment to the United States Constitution.

53. Takings effected by the judicial branch are not entitled to special treatment than other branches of state government under Fifth Amendment jurisprudence.

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

54. For purposes of this Count, there is no adequate compensation remedy available by law for the taking of property rights of Plaintiffs JAMES KOST and MOLLY KANDLE-KOST by Defendant SUZANNE HOSETH KREEGER.[4]

55. Such actions described herein thusly violates the Fifth Amendment which can be remedied by a prospective injunction against Defendant SUZANNE HOSETH KREEGER as to the unconstitutional takings. See *Osborne v. Missouri Pacific R. Co.*, 147 U.S. 248, 258-259 (1893) and *Youngstown Sheet & Tube Co. v. Sawyer*, 343 U.S. 579, 584-585 (1952) (injunction proper when property has been unlawfully taken).

56. Plaintiffs JAMES KOST and MOLLY KANDLE-KOST not seeking just compensation by this Count but instead declaratory and/or injunctive relief to avoid the issue of Eleventh Amendment immunity; no damages are sought by this Count but attorney fees and costs are pursuant to 42 U.S.C. § 1988.

## COUNT II
### TAKINGS – LACK OF PAYMENT OF JUST COMPENSATION
### FIFTH/FOURTEENTH AMENDMENT // 42 U.S.C. §§ 1983, 1988

57. The prior allegations are pled word for word herein.

58. Count II is pled in the alternative to Count I.

59. The Fifth Amendment, made applicable to the states via the Fourteenth Amendment, is a self-executing constitutional provision requiring the payment of just compensation upon the takings effectuated by Defendant SUZANNE HOSETH KREEGER.

60. Defendant SUZANNE HOSETH KREEGER has taken the property rights of Plaintiffs JAMES KOST and MOLLY KANDLE-KOST described herein and have appropriated said property without the payment of just compensation for the benefit of non-party Renee LaFave in violation of the Fifth and Fourteenth Amendments to the United States Constitution.

61. Defendant SUZANNE HOSETH KREEGER has not paid just compensation.

62. Defendant SUZANNE HOSETH KREEGER will not pay just compensation.

63. Defendant SUZANNE HOSETH KREEGER does not intend to pay just compensation in the future.

64. Defendant SUZANNE HOSETH KREEGER has failed in initiate direct condemnation proceedings.

---

[4] There is a question whether this Court can even award such damages under the Fifth Amendment and Section 1983 against this Defendant due to the Eleventh Amendment. See *DLX, Inc. v. Kentucky*, 381 F.3d 511, 526-528 (6th Cir. 2004).

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

65. Plaintiffs JAMES KOST and MOLLY KANDLE-KOST have suffered damages which this Court can remedy by an order and/or judgment for an award of damages together with attorney fees and costs pursuant to 42 U.S.C. § 1988.

## COUNT III
## DUE PROCESS

66. The prior allegations are pled word for word herein.

67. Count III is pled in the alternative to Count I.

68. A judicial decision that eliminates or substantially changes established property rights, which are a legitimate expectation of the owner, is arbitrary or irrational under the Due Process Clause, see *Stop the Beach Renorishment* (Kennedy, J., concurring in part and concurring in the judgment).

69. The judicial decision of Defendant SUZANNE HOSETH KREEGER is arbitrary or irrational as it applies to the private easement belonging to Plaintiffs JAMES KOST and MOLLY KANDLE-KOST.

70. Such actions described violates the Fourteenth Amendment's Due Process Clause which can be remedied by a prospective injunction against Defendant SUZANNE HOSETH KREEGER as to the due process violation.

71. No damages are sought by this Count but attorney fees and costs are pursuant to 42 U.S.C. § 1988.

## RELIEF REQUESTED

72. WHEREFORE, Plaintiffs JAMES KOST and MOLLY KANDLE-KOST requests this Court—

   a. to grant declaratory and/or injunctive relief after finding that actions, outcome, and/or judicial decision by Defendant SUZANNE HOSETH KREEGER violates the Fifth and/or Fourteenth Amendments to the United States Constitution and enjoin/invalidate the same;

   b. To the extent not barred by the Eleventh Amendment, enter a judgment equal to the amount of just compensation owed under the Fifth Amendment's Just Compensation Clause;

   c. Award attorney fees and costs pursuant to 42 U.S.C. § 1988; and

   d. Grant such other relief was necessary or warranted by this case.

Date: November 26, 2019                    RESPECTFULLY SUBMITTED:

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

*Philip L Ellison*

_____
OUTSIDE LEGAL COUNSEL PLC
BY PHILIP L. ELLISON (P74117)
Attorney for Plaintiffs
PO Box 107 · Hemlock, MI 48626
(989) 642-0055
(888) 398-7003 - fax
pellison@olcplc.com