UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

JAMES KOST and
MOLLY KANDLE-KOST,

    Plaintiffs,

v.

HON. SUZANNE HOSETH KREEGER,
In her official capacity,

    Defendant.

Case No. 19-cv-01006

Hon. Paul L. Maloney

_____

| Philip L. Ellison (P74117) | Allan C. Vander Laan (P33893) |
|---|---|
| Outside Legal Counsel PLC | Bradley C. Yanalunas (P80528) |
| Attorneys for Plaintiffs | Cummings, McClorey, Davis & Acho, P.L.C. |
| P.O. Box 107 | Attorneys for Defendant |
| Hemlock, MI 48626 | 2851 Charlevoix Dr., S.E. - Suite 327 |
| Ph: (989) 642-0055 | Grand Rapids, MI 49546 |
| Fx: (888) 398-7003 | Ph: (616) 975-7470 |
| pellison@olcplc.com | avanderlaan@cmda-law.com |
|  | byanalunas@cmda-law.com |

_____

**DEFENDANT'S REPLY TO "PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S PRE-ANSWER MOTION TO DISMISS (ECF NOS. 9 AND 10)**.

# **TABLE OF AUTHORITIES**

### **Cases**

*Ariyoshi v. Robinson*, 477 U.S. 902 (1986) ................................................................. 3

*Bell v. Johnson*, 308 F.3d 594 (6th Cir. 2002) ............................................................. 7

*Charles A. Murray Trust v. Futrell*, 303 Mich. App. 28, 840 N.W.2d 775 (2013) ........ 3

*Chicago, B.&Q.R. Co. v. City of Chicago*, 166 U.S. 226 (1897) ............................. 5, 8

*Darrah v. City of Oak Park*, 255 F.3d 301 (6th Cir. 2001) ........................................... 4

*Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280 (2005) ........... 4, 5

*In re AGD*, 327 Mich. App. 332, 933 N.W.2d 751 (2019) ............................................ 3

*Johnson v. Memphis Light & Gas Division*, 777 F.3d 838 (6th Cir. 2015) ................. 6

*Maryland v. Wilson*, 519 U.S. 408 (1997) .................................................................... 2

*Muhlker v. New York & Harlem Railroad Co.*, 197 U.S. 544 (1905) ....................... 5, 8

*Robinson v. Ariyoshi*, 753 F.2d 1468 (9th Cir. 1985) .................................................. 3

*Rote v. Zel Custom Mfg. LLC*, 816 F.3d 383 (6th Cir. 2016) ...................................... 2

*Rowe v. Bank One, Indianapolis, N.A.*, 230 F.3d 1359 (6th Cir. 2000) ...................... 7

*Stop the Beach Renourishment, Inc. v. Florida Department of Environmental Protection*, 560 U.S. 702 (2010) ............................................... 1, 2, 5

*Sotomura v. County of Hawaii*, 460 F. Supp. 473 (D. Haw. 1978) ............................. 8

*U.S. v. Brown*, 444 F.3d 519 (6th Cir. 2006) ............................................................... 3

*Ultimate Sportsbar, Inc. v. U.S.*, 48 Fed. Cl. 540 (2001) ............................................ 2

*VanderKodde v. Mary Jane Elliott, P.C.*, Nos. 19-1091/1127/1128, ___ F.3d ___ (6th Cir. 2020) .................................................................................. 4

*Webb's Fabulous Pharmacies, Inc. v. Beckwith*, 449 U.S. 155 (1980) .................. 5, 8

*Whitfield v. Tennessee*, 639 F.3d 253 (6th Cir. 2011) ................................................. 6

***Wolfe v. Perry***, 412 F.3d 708 (6th Cir. 2005) ................................................................... 7

**Statutes**

42 U.S.C. §1983 ................................................................................................................ 7

**Rules**

Fed. R. Civ. P. 12(b)(1) and (6) ..................................................................................... 10

**ARGUMENT IN REPLY**

<u>The Plaintiffs' response</u> to Defendant Hoseth Kreeger's Rule 12 dismissal motion <u>lays bare</u> *the complete lack of precedential authority for the Plaintiffs' claims*. The Plaintiffs' expressly place their reliance upon minority, *concurring* opinions - - i.e., ***Stop the Beach Renourishment, Inc. v. Florida Department of Environmental Protection***, 560 U.S. 702 (2010) (Justice Kennedy concurring) and ***Hughes v. Washington***, 389 U.S. 290 (1967) (Justice Stewart concurring).[1]

As acknowledged by the Plaintiffs, they assert "*a relatively new legal <u>theory</u>*." By reference to what they claim is "*proposed*" by the concurring opinions, the Plaintiffs would federalize appellate review for every litigant displeased with the outcome of a state-court judgment determining property rights between private parties. Under the Plaintiffs' scheme, to create a "taking" cognizable under the Fifth Amendment, the disappointed state-court litigant need only claim that a state-court decision was a "*change*" of state law. **(ECF No. 9, PageID.107, Response, p. 2; ECF No. 10, PageID.137, Response, p. 2)**.

The Plaintiffs also insist that the Supreme Court majority decision in ***Stop the Beach Renourishment,*** supports their "taking" claim. **(ECF No. 9, PageID.106, Response, p. 1; ECF No. 10, PageID.136, Plaintiffs' Response, p. 1)**. This is quite ironic, given that the ***Stop the Beach Renourishment*** case rejected the Fifth Amendment claim before it.

---

[1] For reasons unknown, the Kost Plaintiffs filed *two* responses, which appear to be substantively identical, except for some "page break" differences. Not knowing which "response" this Court will deem to be <u>the</u> "response," Defendant Hoseth Kreeger will reference both.

Critically, the Plaintiffs cite pages 713-14 of the **Stop the Beach Renourishment** opinion.  **(ECF No. 9, PageID.106, 113, Response, pp. 1, 8; ECF No. 10, PageID.136, 144, Response, pp. 1, 8)**.  But these pages are in Section II A of Justice Scalia's lead opinion, which section was not joined by a majority of the justices.  The only sections of the **Stop the Beach Renourishment** opinion that represented judgment by the Supreme Court are Sections I, IV and V.  In fact, the Plaintiffs actually want this court to follow concurring opinions, while ignoring the actual precedents argued in Defendant Hoseth Kreeger's brief.

Specifically, the Plaintiffs ask this Court to adopt a "substantive due process" analysis for which they claim to find "*a legal road map*" in Justice Kennedy's concurring opinion (*joined only by Justice Sotomayor*).  **(ECF No. 9, PageID.126, Response, p. 21; ECF No. 10, PageID.156, Response, p. 21)**.  The Plaintiffs also cite this Court to the solo concurrence by Justice Stewart in **Hughes v. Washington**. **(ECF No. 9, PageID.114, Response, p. 9; ECF No. 10, PageID.144, Response, p. 9)**.  Even when written by Supreme Court justice, a concurrence is not precedent.  **Maryland v. Wilson**, 519 U.S. 408, 413 (1997), **Rote v. Zel Custom Mfg. LLC**, 816 F.3d 383, 394 (6th Cir. 2016) at fn.6 ("*concurring opinions, however, do not constitute binding authority. . . .*").

The Plaintiffs also cite **Ultimate Sportsbar, Inc. v. U.S.**, 48 Fed. Cl. 540 (2001).  But that opinion itself only references Judge Stewart's concurrence in **Hughes** - - and it does so as dictum, after observing that the Plaintiffs had withdrawn any "judicial taking argument."  **Ultimate Sportsbar, Inc.**, 48 Fed. Cl. at 550.  "Dictum" is not precedent either.  **Maryland v. Wilson**, 519 U.S. at 412-13.

It is appropriate to observe that musings about the merits of concurring opinions and dictum are the stuff of law review articles. The so-called "judicial taking" *theory* that the Plaintiffs seek to extrapolate from the concurring opinions may be fodder for exposition by law professors facing publish-or-perish mandates. But this "*theory*" cannot defeat Judge Hoseth Kreeger's motion. This Court is obligated to follow currently binding precedent, even if there is reason to believe it may change in the future. ***U.S. v. Brown***, 444 F.3d 519, 521 (6th Cir. 2006)**.** Judge Hoseth Kreeger's brief to this court is based upon the binding *precedents* of *law* that mandate the dismissal of the Plaintiffs' case.

The Plaintiffs' underlying notion is that there has been a supposed judicial "taking" by way of Judge Hoseth Kreeger "*dramatically changing the common law*" **(ECF No. 9, PageID.107, 112, 121-2, 128, Response, pp. 2, 7, 16-7, 123; ECF No. 10, PageID.137, 142, 151-2, 158, Response, pp. 2, 7, 16-7, 23)**. But as a *trial court* judge, Judge Hoseth Kreeger has no ability to "change" Michigan law. Only the appellate courts have that power. ***In re AGD***, 327 Mich. App. 332, 340, 933 N.W.2d 751, 755 (2019), ***Charles A. Murray Trust v. Futrell***, 303 Mich. App. 28, 48-9, 840 N.W.2d 775, 785 (2013). The Plaintiffs' insistence that Judge Hoseth Kreeger has "changed" Michigan law is absurd. The *law* is what Michigan's appellate courts have declared it to be.

The Plaintiffs' citation to the decision of the 9th Circuit in ***Robinson v. Ariyoshi***, 753 F.2d 1468 (9th Cir. 1985) in this regard has no merit. First, that opinion was actually vacated by the Supreme Court. ***Ariyoshi v. Robinson***, 477 U.S. 902 (1986). Second, it is significant to observe that the "change" of law in that case was a decision by the Hawaii *Supreme Court* that negated the law upon which a prior court judgment in favor of the plaintiffs had been entered. The case is not at all analogous to the circumstances of the

judgment entered by Judge Hoseth Kreeger.  The Supreme Court of Hawaii can "change" the law.  Judge Hoseth Kreeger cannot.

The above discussion regarding the Plaintiffs' "taking" claim applies equally to the Plaintiffs' "substantive due process" claim.  The Plaintiffs predicate their substantive due process claim upon the same concurring opinion by Justice Kennedy.  **(ECF No. 9, PageID.125-126, Response, pp. 20-1; ECF No. 10, PageID.155-156, Response, pp. 20-1)**.  The Plaintiffs' "new theory" cannot prevail under the guise of "substantive due process" any more than under the guise of "taking."

In attacking Judge Hoseth Kreeger's Rooker-Feldman argument, the Plaintiffs again rely upon a *concurring* opinion, i.e., the concurrence of Judge Sutton in ***VanderKodde v. Mary Jane Elliott, P.C.***, Nos. 19-1091/1127/1128, ___F.3d ___ (6th Cir. 2020).  But the majority opinion in ***VanderKodde*** (*and Judge Sutton's concurrence as well*) stand <u>only</u> for the proposition that the Rooker-Feldman doctrine applies to a "narrow" class of cases, as defined by the Supreme Court in ***Exxon Mobil Corp. v. Saudi Basic Industries Corp.***, 544 U.S. 280, 284 (2005).

It is axiomatic that ***VanderKodde*** cannot overrule Supreme Court precedent.  It is also well established that an opinion by a three-judge panel of the Sixth Circuit cannot overrule prior Sixth Circuit decisions that allow the ***Exxon Mobil Corp.*** decision.  ***Darrah v. City of Oak Park***, 255 F.3d 301, 309-10 (6th Cir. 2001).  The ***Exxon Mobil Corp.*** case remains the controlling law.  More importantly, ***Exxon Mobil Corp.*** controls <u>this</u> case.

"Narrow" though the Rooker-Feldman doctrine may be, the doctrine indisputably precludes federal district courts from acting as de facto appellate courts for those litigants who are displeased with state-court judgments and are "inviting district court review and

rejection of those judgments." ***Exxon Mobil Corp.***, 544 U.S. at 284.  It is equally indisputable that what the Plaintiffs seek such in this Court is, in fact, appellate review of Judge Hoseth Kreeger's judgment.

The Plaintiffs' claim is predicated upon their assertion that Judge Hoseth Kreeger "*failed to . . . obey the directions of the Michigan Supreme Court and the well-established [Michigan] law on abandonment*" (and that the Michigan Court of Appeals, then also ruled "*contrary*" to Michigan law by affirming Judge Hoseth Kreeger's decision).  **(ECF No. 1, PageID.4, 5, Complaint, ¶¶ 30, 37-8)**.  The Plaintiffs reiterate in their motion responses that Judge Hoseth Kreeger supposedly misinterpreted Michigan "*easement*" and "*abandonment*" law.  **(ECF No. 9, PageID.106-107, 111-12, Response, pp. 1-2, 6-7; ECF No. 10, PageID.141-142, Response, pp. 6-7)**.

On this basis, the Plaintiffs demand that this court "<u>*enjoin/invalidate*</u>" the decision of Judge Hoseth Kreeger.  **(ECF No. 1, PageID.8, Complaint, ¶¶ 72a)**.  The Plaintiffs could have pursued such relief by petition to the United States Supreme Court - - as was done by the plaintiffs in the ***Stop the Beach Renourishment*** and ***Hughes*** cases.  But the Kosts cannot seek such appellate review in this court.  ***Exxon Mobil Corp.***, 544 U.S. at 284.

It is ironic that the Plaintiffs seek to bolster their argument by citation to ***Chicago, B.&Q.R. Co. v. City of Chicago***, 166 U.S. 226 (1897), ***Muhlker v. New York & Harlem Railroad Co.***, 197 U.S. 544 (1905) and ***Webb's Fabulous Pharmacies, Inc. v. Beckwith***, 449 U.S. 155 (1980).  Like ***Stop the Beach Renourishment***, the ***Webb's Fabulous Pharmacies, Inc.*** case presented a <u>direct petition to the Supreme Court</u> challenging a decision by the Florida Supreme Court.  The ***Chicago, B.&Q.R. Co.*** and

*Muhlker* cases also presented <u>direct petitions to the Supreme Court</u> from final decisions of the Supreme Court of Illinois and the Court of Appeals of New York, respectively. These cases all demonstrate that attempted federal court challenges to the judgments of state courts must be sought by direct petition to the federal Supreme Court, not by filing a suit in a federal district court.

The Plaintiffs' *Ex Parte Young* argument is even more bizarre in its choice of supposed "authority" - - or, rather, lack thereof. The Plaintiffs acknowledge that a 2004 precedent of the Sixth Circuit undermines their attempt to evade the Eleventh Amendment. **(ECF No. 9, PageID.120, Response, p. 15; ECF No. 10, PageID.150, Response, p. 15)**. Yet they insist this court should not follow that precedent, because the Plaintiffs believe the decision is "*erroneous*" and "*will be*" challenged in the future. *Id*. There is no authority for this court to ignore or defy existing Sixth Circuit precedent in anticipation that the law will someday change. This court (and the Sixth Circuit itself) is bound by existing Sixth Circuit precedent, unless and until such precedent actually is overruled. *Whitfield v. Tennessee*, 639 F.3d 253, 261 (6th Cir. 2011).

With regard to the Defendant's statute of limitations argument, the Plaintiffs' contend that their claim did not accrue until the completion of state court appellate proceedings. This is mere sophistry. Judge Hoseth Kreeger alone is the named Defendant in this case. Any claim against Judge Hoseth Kreeger necessarily accrued - - at the latest - - upon the last allegedly unlawful act *by* Judge Hoseth Kreeger. *Johnson v. Memphis Light & Gas Division*, 777 F.3d 838, 843 (6th Cir. 2015). Whether actual execution upon Judge Hoseth Kreeger's ruling was "stayed" for 21 days by the Michigan

Court Rules is irrelevant. The action by the judge was complete as of the date she entered her order.

Moreover, the Plaintiffs' invocation of the six-year statute of limitations for an "inverse condemnation" case is unavailing. The Plaintiffs have not asserted an "inverse condemnation" claim under Michigan law. Rather, they have asserted federal, constitutional claims under 42 U.S.C. §1983. The statute of limitations for a §1983 claim is three years. **Wolfe v. Perry**, 412 F.3d 707, 713-4 (6th Cir. 2005).

In this regard, the Plaintiffs erroneously cite **Rowe v. Bank One, Indianapolis, N.A.**, 230 F.3d 1359 (6th Cir. 2000), in which a Sixth Circuit panel invoked a six-year catch-all statute of limitations for claims against a bank alleging due process and equal protection violations in a foreclosure and eviction. But **Rowe** was an unpublished "*table decision*." It has no precedential authority. **Bell v. Johnson**, 308 F.3d 594, 611 (6th Cir. 2002). And **Rowe** <u>pre-dates</u> the published decision in **Wolfe**.

The Plaintiffs' argument opposing Judge Hoseth Kreeger's assertion of *res judicata* likewise fails. The Plaintiffs' assertion that their prior case (i.e., the suit by the Plaintiffs' neighbors against the Plaintiffs) was not decided on its merits is simply absurd. Final judgment was entered by Judge Hoseth Kreeger in favor of the Plaintiffs' neighbors and affirmed on appeal. Although Judge Hoseth Kreeger was not a party to that case, she is certainly "*privy*" to the result - - i.e., her own judgment. And, if the Plaintiffs had constitutional objections to Judge Hoseth Kreeger granting the relief demanded by the Plaintiffs' neighbors in that prior case, the Plaintiffs certainly could have raised those grounds in that prior case. Thus, with regard to all three elements of *res judicata*, the Kosts' arguments to this court are simply wrong.

The Plaintiffs' pretense that their case is not a collateral attack upon the judgment of Judge Hoseth Kreeger is belied by their demand for relief.  The Plaintiffs insist that Judge Hoseth Kreeger's judgment should be "*enjoin[ed]*" or "*invalidate[d]*" by this Court.  **(ECF No. 1, PageID.4, 5, 8, Complaint, ¶ 72a)**.  The Plaintiffs' Complaint presents the most direct collateral attack that could be imagined.

The most fundamental point to be recognized, however, is that the State of Michigan (*i.e., Judge Hoseth Kreeger in her "official capacity"*) did not "take" anything from the Plaintiffs.  Rather, Judge Hoseth Kreeger, as a state-court judge, upheld the private property rights of the Plaintiffs' neighbors, who had sued the Plaintiffs.

The cases cited by the Plaintiffs to supposedly illustrate their "judicial taking" argument were not adjudications of rights between private parties.  Those cases involved efforts by the government to take property rights for itself.  In the **Chicago, B.&Q.R. Co.** case, the state used the power of eminent domain to obtain private property for the purpose of widening a public street.  In **Webb's Fabulous Pharmacies, Inc.**, a county government relied on state statute to retain bank account interest generated by interpleaded funds held by the county court.  In **Sotomura v. County of Hawaii**, 460 F. Supp. 473 (D. Haw. 1978), the State of Hawaii used eminent domain to take private land for creation of a public beach.  These cases had nothing to do with the adjudication of rights of one private party against the competing rights of another private party.

The only case cited by the Plaintiffs involving private parties is **Muhlker**.  In that case, however, the rights claimed by the defendant against the plaintiff were created and granted to the defendant by a state legislative enactment (i.e., "*Chapter 339 of the Laws of 1892*").  **Muhlker**, 197 U.S. at  545-6; 547.  The court ruling under attack "rested" on

that statutory enactment. *Id.*, at 561. No such legislative enactment targeted in favor of one private party over another was at issue in the case between the Plaintiffs and their neighbors. Judge Hoseth Kreeger's judgment was based on the common law of Michigan, which Judge Hoseth Kreeger has not "changed."

## CONCLUSION AND RELIEF REQUESTED

For the reasons described above, the Plaintiffs' "response" fails to rebut any of the grounds asserted by Judge Hoseth Kreeger for the dismissal of the Plaintiffs' case. Therefore, Judge Hoseth Kreeger's motion should be granted, and the Plaintiffs' case should be dismissed by authority of Fed. R. Civ. P. 12(b)(1) and (6) in its entirety and with prejudice.

Respectfully submitted,

CUMMINGS, McCLOREY, DAVIS & ACHO, P.L.C.

/s/ Allan C. Vander Laan
Allan C. Vander Laan (P33893)
Bradley C. Yanalunas (P80528)
Attorneys for Defendant
Cummings, McClorey, Davis & Acho. P.L.C.
2851 Charlevoix Drive, SE, Ste. 327
Grand Rapids, MI 49546
616/975-7470

Dated: March 9, 2020

01082223-1                    10